*Poirier v. Vermont Mutual Ins. Company*, 338-4-20 Cncv (Hoar, J., July 30, 2021)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

| | | |
|---|---|---|
| VERMONT SUPERIOR COURT<br>Chittenden Unit<br>175 Main Street, PO Box 187<br>Burlington VT  05402<br>802-863-3467<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 338-4-20 Cncv |

> Poirier vs. Vermont Mutual Insurance Company et al

## DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is an underinsured motorist coverage ("UIM") dispute. Plaintiff Cameron Poirier was a passenger in a vehicle insured by Defendant Progressive Insurance Company ("Progressive") when that vehicle was struck by an underinsured motor vehicle. Mr. Poirier had his own automobile policy, with Defendant Vermont Mutual Insurance Company ("VMIC"). The parties agree that each of Progressive and VMIC owe Mr. Poirier a UIM obligations, and they agree further as to the amount of coverage that is due. The two insurers disagree, however, as to the priority of coverage, and hence their respective contributions. They have filed cross-motions for summary judgment. The court grants Progressive's motion, and denies VMIC's.

The material facts are undisputed. Mr. Poirier was the passenger in a vehicle driven by Michael Gravel when it collided with another vehicle driven by Erick Carter. Mr. Poirier sustained serious injuries in the accident. He recovered a total of $75,000 from Mr. Carter's and Mr. Gravel's liability insurers. This recovery, however, left him with a substantial underinsured loss. The precise measure of that loss does not appear and is not material; the parties agree it is in excess of $150,000.

Progressive was Mr. Gravel's insurer; in addition to its liability coverage, its policy provides UIM coverage with a $50,000 limit of liability. That coverage is available to Mr. Poirier as an occupant of Mr. Gravel's "covered vehicle." Mr. Poirier also had his own automobile insurance policy through VMIC; that policy provides UIM coverage with an applicable limit of $100,000. The parties agree that the two UIM coverages "stack," providing Mr. Poirier with $150,000 in UIM coverage. They also agree that the insurers, together, are entitled to offset against their combined limits the $75,000 in liability payments Mr. Poirier received. They disagree, however, as to priority of coverage. They agree that whichever of them is primary gets the benefit of the liability setoff. Together, they have paid Mr. Poirier the full $75,000 in UIM benefits to which he is entitled. All that remains is to allocate that payment between the two UIM insurers.

Resolution of this question is driven by the Supreme Court's teachings in *State Farm v. Powers*, 169 Vt. 230 (1999). There, the Court held that UIM "provisions that merely establish the priority of coverage among insurers without compromising coverage for insureds" are enforceable. *Id.* at 235. The Court then turned to the policies at issue. Construing language substantially similar to that contained in both policies here, the Court concluded that the policy that covered the vehicle in which the UIM insured was a passenger was primary, and the policies issued to the UIM insured and his parents (with whom he resided, making him also an insured) were excess. *Id.* at 239.

*Powers* makes clear that at least in the first instance, resolution of the primary-excess question is a matter of policy interpretation. Thus, the court examines the policies at issue in this case. The "Other Insurance" provision of the Progressive policy reads:

> If there is other applicable uninsured or underinsured motorist coverage, and the damages are less than the sum of all applicable limits of liability for uninsured motorist coverage or underinsured motorist coverage, we will pay only our share of the damages. Our share is the proportion that our limit of liability bear to the total of all available coverage limits. However, any insurance we provide with respect to a vehicle that is not a covered auto will be excess over any other uninsured or underinsured motorist coverage.

The "Other Insurance" provision of the VMIC policy reads:

> If there is other applicable insurance similar to the insurance provided under this Part of the Policy we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided under this Part of the Policy.

On this language, each of the insurers here argues that its policy is clearly primary, while the other's is clearly excess. VMIC's approach, however, depends on a misconception as to the nature of UIM coverage, which in turn leads it to misread both policies.

VMIC first argues, correctly, that it is the third sentence of the Progressive provision quoted above that governs. It proceeds to assert that the insurance afforded by the Progressive policy is provided "with respect to" Mr. Carter's vehicle. *See* VMIC's Mot. for Summ. J., This betrays a fundamental misunderstanding of the nature of UIM coverage; it also ignores the context in which the excess clauses at issue here come into play. (The second error, coincidentally, results in VMIC's misreading its own policy—but more on that later.)

As a matter of first principles, UIM coverage is not issued "with respect to" vehicles, as is the case (in part) with liability coverage; it is issued with respect to individuals. It applies whenever an insured person is "legally entitled to recover damages" from the owner or operator of an underinsured

motor vehicle. 23 V.S.A. § 941(As the two policies at issue in this case reflect, there are, broadly speaking, two circumstances in which the injured person is an insured: first, the person may be the named insured or a family member of a named insured under a policy; and second, the person may be occupying a vehicle owned and insured by another person.[1] In the former instance, the insurance is portable; it follows the insured from vehicle to vehicle, and even provides coverage if the insured is a pedestrian or is injured, in the comfort of his own home, by an uninsured vehicle that crashed into the home. *See Hubbard v. Metrop. Prop. & Cas. Ins. Co.*, 2007 VT 121, ¶ 10, 182 Vt. 501 (citing *Monteith v. Jefferson Ins. Co. of N.Y.*, 159 Vt. 378, 381 (1992)). In the latter instance, the insurance is tied to the vehicle; the moment the insured leaves the vehicle, the insurance obligation ends. For ease of reference, the first category of insureds might be called "status" insureds, as their coverage depends on their status as named insureds or family members; the second category might be called "location" insureds, as their coverage depends on their location in an insured vehicle.

Thus, there are, broadly speaking, two instances in which two or more policies may provide UIM coverage to a single insured. First, a person may be a status insured under more than one policy—as, for example, when the person is the named insured under one policy and a family member of the named insured under another. Second, like Mr. Poirier in this case, a person may be a status insured under one policy, and a location insured under another.

This context informs the interpretation of the third sentence of the Progressive "Other Insurance" provision. As Progressive properly asserts, the "with respect to" language cannot apply to the underinsured motor vehicle; UIM coverage insures individuals, not vehicles. Rather, the "with respect to" language plainly refers to the circumstance in which the insured is a status insured under the Progressive policy and a location insured under the policy issued "with respect to" a vehicle not covered by the Progressive policy. In those circumstances, the Progressive policy is excess. Conversely, by necessary implication, as in *Powers*, when the insured is occupying a covered vehicle, the Progressive policy is primary. *See Powers*, 169 Vt. at 237.

With respect to its own policy, VMIC argues that by its express terms, the "Other Insurance" provision of its policy does not apply, making its coverage, by default, primary. VMIC's Mot. for Summ. J., 8–9. This argument, however, relies on an unsupportable reading of the descriptor, "similar," in the VMIC policy. The reader will recall that the VMIC policy addresses situations in which there is other "similar" insurance. VMIC reads this term so narrowly as to be virtually

---

[1] Under the Progressive policy, an "insured person" is (1) the named insured, a resident spouse, relative, or "rated resident," (2) a permissive operator of a "covered auto," or (3) a person occupying but not operating a "covered auto." Similarly, under the VMIC policy, an "insured" is (1) the named insured or a family member or (2) any other person "occupying" "your covered auto."

meaningless; unless another policy's language is identical to VMIC's, it cannot be "similar." Bluntly, this is a dog that will not hunt. Instead, plainly, what VMIC's policy means when it speaks of "other applicable insurance similar to the insurance provided under [the UIM] Part of [this] Policy" is other UIM coverage.

Were this not so, then the Supreme Court's decision in *Powers*—the only authority on which VMIC relies—would have reached a different result to at least one of the insurers involved in that case. That insurer, Allstate, contained a UIM provision strikingly similar to VMIC's. The first sentence—which the reader will recall VMIC argues makes clear that its "Other Insurance" clause does not apply—states, "If there is other applicable similar insurance we will pay only our share of the loss." In contrast, the first sentence of VMIC's other insurance moves the word, "similar," to follow insurance and adds "to the insurance provided under this Part of the Policy." This, clearly, is a distinction without a difference; VMIC's policy merely says in more words what Allstate's said in fewer. Yet the *Powers* Court concluded that in that case, Allstate's "Other Insurance" clause was enforceable, and further that it made the Allstate policy excess, because the vehicle in which the insured was a passenger was not owned by the Allstate policyholder. *Powers*, 169 Vt. at 239.

So too here. Following the teachings of *Powers*, Progressive's policy, issued "with respect to" the vehicle in which Mr. Poirier was a passenger and so providing "location" coverage, owed the primary UIM obligation. Conversely, the VMIC policy, issued to Mr. Poirier and so providing "status" coverage, was excess. *Powers* teaches that this means that Progressive had the first obligation to pay, and correspondingly, the first right to any setoff. VMIC benefits by having to pay only after the Progressive limits have been exhausted. Unfortunately for VMIC, in this case, those limits are completely exhausted by application of the setoff, leaving VMIC responsible for the full amount of UIM coverage owed Mr. Poirier.[2]

## **ORDER**

The court denies VMIC's Motion for Summary Judgment and grants Progressive's Cross-Motion for Summary Judgment. Progressive is entitled to the full benefit of the setoff for amounts paid to Mr. Poirier by the two liability insurers, and so liable for none of the $75,000 paid to Mr. Poirier in

---

[2] The court cannot avoid commenting on the irony inherent in that parties' arguments in this case. The court can conceive of no other context in which insurers fall all over themselves to assume the primary coverage obligation for a loss. Indeed, even in many UIM contexts it will remain very much in the insurer's financial interest to be the excess carrier. If, for example, Mr. Poirier's damages had totalled $100,000 and his recovery from the tortfeasor only $25,000, would VMIC have been so anxious to be the primary carrier, paying $75,000 while Progressive paid nothing? Or would VMIC have decided that Progressive's policy was in fact "similar," differing only in that it was issued "with respect to" Mr. Poirier's vehicle, and so primary—meaning that VMIC's exposure would be only $50,000? This speculation does not inform in any way the court's decision in this case. Still, one wonders: doth VMIC protest too much, methinks?

satisfaction of the parties collective UIM obligation. VMIC, consequently, is liable for the full amount of the UIM obligation.


_____

Samuel Hoar, Jr.
Superior Court Judge